**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DONALD RAYMOND SCRIBNER, | ) | |
| ID # 42060-177, | ) | |
|     Movant, | ) | No. 3:13-CV-1147-O-BH |
| vs. | ) | No. 3:10-CR-0233-O (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* received March 18, 2013 (doc. 2), should be **GRANTED** as to the first ground for relief and **DENIED** with prejudice as to the second ground, and the judgment should be **VACATED**.

**I. BACKGROUND**

Federal inmate Donald Raymond Scribner (Movant) challenges his federal conviction and sentence in Cause No. 3:10-CR-0233-O. The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

On August 17, 2010, Movant and four co-defendants were indicted for conspiring to manufacture and to possess with intent to distribute 100 or more plants of marijuana in violation of 21 U.S.C. § 846 (count one); and possession with intent to distribute 50 or more marijuana plants in violation of 21 U.S.C. § 841(a), (b)(1)(C) & 18 U.S.C. § 2 (count three). (*See* doc. 32.)[1] Movant pled not guilty and was tried before a jury on January 10-12, 2011. The jury found him not guilty

---

[1] Unless otherwise noted, the document numbers refer to documents docketed in the underlying criminal case.

on count one and guilty on count three. (Doc. 85.) After a sentencing hearing on April 28, 2011, the Court imposed a sentence of 210 months, followed by a three-year term of supervised release, to run concurrent with any sentence imposed in two then-pending state cases. (Doc. 117.)

The Fifth Circuit affirmed the conviction on April 12, 2012. *United States v. Scribner*, 469 F. App'x 384 (5th Cir. 2012). It recounted the evidence at trial as follows:

> Scribner was discovered by authorities in the process of dismantling a marijuana grow house in an effort to avoid police detection. A large amount of marijuana and grow equipment were found in the house, which Scribner possessed a key to in his wallet. . . . Further, Scribner acknowledged that he had been hired to dismantle the grow house and move the contents via a U-Haul truck to another location. He further acknowledged to dismantling another grow house belonging to the same organization days before his arrest. Scribner admitted to knowing that the organization was involved in the distribution of marijuana and that it consisted of several grow houses.

*Scribner*, 469 F. App'x at 385-86. Movant did not file a petition for writ of certiorari.

**B.     Substantive Claims**

Movant asserts the following claims:

(1) trial counsel was ineffective for misinforming him of the sentencing options prior to trial (ground one); and

(2) trial counsel was ineffective for failing to object to or argue the accuracy of the Career Offender Provision Enhancement in the Presentence Report (PSR).

(*See* Mot. at 6-7.) The Government filed a response brief on May 28, 2013. (*See* Resp. Opp'n Mot. (Resp.).) Movant filed a reply brief on June 19, 2013.

**C.     Evidentiary Hearing**

An evidentiary hearing was held on June 25, 2014. Movant's counsel testified that she was appointed and represented him in his underlying criminal case. She met with him a number of times and discussed with him the applicable sentencing guidelines. She advised Movant that if he plead

2

guilty to count three of the indictment (as two of his co-defendants had), the applicable sentencing guideline would be 30-37 months as a result of his criminal history level and the amount of marijuana seized. If he did not plead not guilty, proceeded to trial, and was convicted on counts one and three, the applicable sentencing guideline would be 37-46 months. Counsel and her supervisor, with whom she consulted, felt that Movant had a "triable" case because he had been brought into the case shortly before his arrest solely for the purpose of dismantling the marihuana grow operations due to increased law enforcement activity.

Counsel conceded that she was mistaken in her advice concerning the applicable sentencing range. Because of his prior felony convictions, Movant was classified as a career offender under the sentencing guidelines. She was not aware of this classification until the PSR was completed. As a result, he was subject to a guideline range of 210-240 months when he was found guilty by the jury to count three of the indictment. Had he pled guilty to that charge (as had his co-defendants), he could reasonably have expected a sentencing guideline range of 151-188 months, after a reduction for acceptance of responsibility. Counsel also conceded her professional error may have influenced Movant's decision to plead not guilty and proceed to trial. She testified, however, that Movant had always maintained that he was innocent of any intent to distribute marijuana, and that he steadfastly refused to provide the Government the names of the persons who hired him to dismantle the grow operation. Because of his belief in his innocence, she did not believe that he would necessarily have been willing to plead guilty. She believed that the prospect of a higher sentencing range would have increased his incentive to go to trial.

Movant testified that counsel told him that the government had offered a plea to count three of the indictment, that his sentencing guideline would be 30-37 months if he pled guilty, and that

3

it would be 37-46 months if he was found guilty at trial. Based on these estimations, he did not view the charge as particularly serious. Because he believed in his innocence of the offense as charged, and the difference between the two guidelines was only seven months, he decided to proceed to trial. Movant was completely unaware of the length of sentence he faced as a result of his classification as a career offender, and he did not become aware that he was subject to a twenty-year sentence until after the PSR had been completed. He testified that this was extremely important information, and that would have had a substantial influence on his decision to proceed to trial. Movant acknowledged that he has a lengthy criminal history, and because of it, he knew that he could expect no leniency if he was found guilty after a jury trial. If he had known the length of sentence he actually faced, he would have entered into plea negotiations. At the very least, he would have pled to the same charge as his co-defendants, received points off for acceptance of responsibility, and possibly received a further downward departure in sentencing for either assisting the Government and/or as additional leniency for admitting guilt.

Movant admitted during the hearing that he had always maintained his innocence to counsel prior to his trial. He understood that his view of his innocence and the elements of the crime differed. He also understood that if he pled guilty, he would have to admit that he committed the charged offense. He claimed he had pled guilty to several offenses in the past even though he disagreed with the charge. Several factors entered into his decisions to plead guilty, including his projected age when he left prison. Movant testified that because there was five-year difference between the guideline ranges for having pled guilty and for being found guilty at trial, instead of a seven-month difference, he would have decided to take the plea offered by the Government.

4

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims that his attorney was ineffective for misinforming him about his sentencing options and for failing to object to the career offender sentence enhancement. (Mot. at 6-7.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of

5

counsel, both at trial and on appeal.[2] *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). This right includes the effective assistance of counsel during the plea-bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 697. The prongs may be addressed in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

---

[2] The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI.

**A.     Sentencing Range**

Movant contends that counsel never told him that he was subject to a career offender enhancement, and that he would have negotiated a plea if he had known he was facing a minimum of 210 months by going to trial. (Mot. at 6.)

   *1.     Deficiency*

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 130 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas–Lopez*, 678 F.3d 353, 356–57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted); *see also Lafler*, 132 S.Ct. at 1384.

Here, both sides agree that counsel advised Movant that as a result of his criminal history level and the amount of marijuana seized, the applicable sentencing guideline would be 30-37 months if he pled guilty, and 37-46 months if convicted at trial. Based on the career offender provision, his guideline range was actually 151-188 months if he pled guilty, and 210-240 months if convicted at trial. As conceded by the Government at the evidentiary hearing, because counsel

7

grossly underestimated the applicable sentencing ranges, her performance was deficient. *See Grammas*, 376 F.3d at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months if convicted based on his misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether the alleged misrepresentation was actually made).

### 2. *Prejudice*

Under *Strickland*, Movant must also demonstrate that he was prejudiced. To demonstrate prejudice when a plea agreement was rejected based on ineffective advice, a defendant must show a reasonable probability that but for the deficient advice: (1) he would have accepted the plea offer before it was withdrawn by the prosecution; (2) the court would have accepted the terms of the offer; and (3) the conviction or sentence, or both, under the terms of the plea offer would have been less severe than the judgment and sentence that were actually imposed. *Lafler*, 132 S.Ct. at 1385; *Reed*, 719 F.3d at 373.

Here, the parties do not dispute that the court would have accepted the terms of the plea offer, the second element; it accepted the same plea to count three of the indictment from Movant's co-defendants. *See United States v. Prasavath*, No. 3:10-CR-0233-O (2) (docs. 49, 53); *United States v. Syharath*, No. 3:10-CR-0233-O (3) (docs. 52, 58). There also appears to be no dispute that there is a reasonable probability that Movant's sentence would have been less severe if he had pled guilty, the third element. The lower end of Movant's sentencing guideline would have been adjusted

8

downward almost five years with acceptance of responsibility had he pled guilty. *See* USSG § 3E1.1. Primarily at issue is the first element, i.e., whether there is a reasonable probability that Movant would have accepted the plea offer before it was withdrawn if he had properly been advised of his potential sentencing exposure.

The Government contends that Movant's testimony that he would have accepted the plea offer if he had known the high sentence he faced as a career offender was not credible. It points to counsel's testimony that Movant maintained his innocence of any intent to distribute marijuana throughout his trial. In *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir.2003), the Sixth Circuit held that a defendant's repeated declarations of innocence did not prove he would not have accepted a guilty plea had he been properly advised on his sentencing exposure, and that a "defendant must be entitled to maintain his innocence throughout trial under the Fifth Amendment." Here, counsel testified that she and her supervisor felt that Movant's case was triable. Movant testified that based on counsel's low sentencing estimate, he did not believe that the case against him was that serious, and he believed that the difference in the sentencing range between a plea and a trial was only seven months. However, as the Fifth Circuit noted on appeal, Movant had already admitted his knowledge of the organization's operation of several grow houses and distribution of marihuana, and that he had been hired to dismantle the grow houses. *Scribner*, 469 F. App'x at 385-86. In *Reed,* it found it "not difficult to conclude that [the defendant] would plead guilty to conduct he was willing to admit." 719 F.3d at 375. Movant also testified that based on his prior experience, he understood that he would not get leniency after a trial, and that he had previously pled to state charges even though he didn't completely agree with them. On these facts, Movant's prior claim of innocence is not dispositive to show that he would not have accepted a plea agreement.

9

The Government also cites Movant's refusal to completely tell the truth, cooperate, and name the other participants. In *Rivas–Lopez*, the district court found that the defendant would not have pleaded guilty based on his concession that he had no intention of assisting in the prosecution of his co-defendants. 678 F.3d at 359 n. 36. The Fifth Circuit noted that there was no suggestion in the record that cooperation was a condition of the proffered plea offer. *See id.* There is likewise no such suggestion here. Even if Movant did not cooperate, he would still have been eligible for a reduction based on acceptance of responsibility if he pled guilty.

Finally, the Government contends that Movant is benefitting by hindsight, since he chose to take the case to trial and lost on the merits. In *Lafler*, however, the Supreme Court held that where the respondent went to trial because of deficient performance in relation to a plea offer and received a more severe outcome than what was offered, the trial caused the injury from the error. 132 S.Ct. at 1386. The determination of whether a more severe outcome resulted from the deficient performance that caused him to reject a plea offer can only be made *after* trial.

Movant's attorney grossly underestimated his sentencing exposure, including the difference in the guideline ranges between a plea of guilty versus not guilty. The 210-month sentence he received after he was convicted at trial was more than 5.67 times counsel's 37-month estimate. "Any amount of additional jail time is significant for purposes of showing prejudice." *Rivas–Lopez*, 678 F.3d at 357; *see also Herrera*, 412 F.3d at 581 ("[A] 27–month increase in a sentence constitutes prejudice" under *Strickland*; "the attorney's purported underestimation resulted in a sentence that was 53% more than the sentence offered under the plea agreement"). Movant testified under oath that he did not believe that the case against him was that serious based on the low estimated guideline ranges, that he believed that the difference in the sentencing ranges between a

10

plea and a trial was only seven months, that this had a great influence on his decision to plead not guilty, and that he would not have done so had he known that the difference was actually five years. Counsel conceded that her error may have affected her client's decision to plead not guilty. Based on the demeanor of the witnesses at the hearing, their respective roles, any apparent bias, consistencies in testimony, explanations for inconsistencies, and corroborating evidence, the Court finds Movant's testimony credible. Based on the testimony and evidence, he has shown a reasonable probability, i.e., a probability sufficient to undermine confidence in the outcome, that he would have accepted the plea offer before it was withdrawn if he had been correctly advised of the applicable sentencing guidelines. He has therefore met his burden to show prejudice, and he has satisfied the *Strickland* standard for ineffective assistance of counsel. *See Lafler*, 132 S.Ct. at 1391.

Because he did not receive effective assistance of counsel during the plea bargaining process, Movant's Sixth Amendment right to counsel was violated, and he should be granted relief with respect to his first ground.

**B.    Career Offender Enhancement**

Movant also claims that his trial counsel should have objected to the career offender enhancement in the PSR on grounds that his three prior convictions for aggravated assault were part of a common scheme or plan and should therefore not have been counted separately.

In the PSR, the probation officer determined that Movant was a career offender pursuant to USSG § 4B1.1(b) because he had at least two prior felony convictions for crimes of violence, and that the sentencing offense level for his conviction was therefore a level 32, rather than the base level of 14. (*See* PSR ¶¶ 36, 44, 45, 46.) Based on a Criminal History Category VI and an offense level of 32, the sentencing guideline range was calculated as 210 to 240 months. (PSR ¶ 97.)

Counsel objected to the PSR for failure to deduct points for acceptance of responsibility but did not object to the career offender enhancement. (*See* doc. 102.) The district court adopted the PSR without change. (Doc. 118.)

Under the Federal Sentencing Guidelines, a defendant is a career offender if: (1) he is at least eighteen years of age; (2) he has been convicted in federal court of either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* USSG § 4B1.1(a). The sentencing guidelines state that "[p]rior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). USSG § 4A1.2(a)(2). If there is no intervening arrest, the prior sentences are counted separately *unless* they were charged in the same indictment, *or* the sentences were imposed on the same day. *Id.*

On July 22, 1994, Movant was arrested for two aggravated assaults that occurred on June 29, 1994, and that were separately charged in Cause Nos. F94-37953 and F94-37971. (PSR ¶¶ 44, 45.) After being inadvertently released from custody on these two charges, he was arrested on August 12, 1994, for the aggravated assault of a police officer that occurred on August 10, 1994; he was indicted for this offense in Cause No. F94-42901. (PSR ¶ 46.) On August 24, 1994, he was sentenced in Cause No. F94-37953, and on September 21, 1994, he was sentenced in Cause Nos. F94-37971 and F94-42901. (PSR ¶¶ 44-46.)

Movant does not dispute that these convictions were crimes of violence, only that he did not have two separate felony convictions for violent crimes. Because he was arrested for the first two aggravated assaults before he committed the third assault on August 10, 1994, there was an

intervening arrest, and the last offense is counted separately. Because he was charged in separate indictments for the first two aggravated assaults and sentenced for them on separate days, they are also separate convictions and sentences for purposes of the career offender enhancement. Movant had at least two separate convictions and sentences for crimes of violence, so he is a career offender, and his trial counsel was not ineffective for failing to object to the PSR on that basis. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel is not ineffective for failing to raise a meritless argument). Movant's second ground for relief is without merit and should be denied.

## IV. RECOMMENDATION

Movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **GRANTED** as to his first ground for relief and **DENIED** with prejudice as to his second ground, and the judgment in **Cause No. 3:10-CR-0233-O (1)** should be **VACATED**.[3]

**SIGNED this 2nd day of July, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Lafler*, 132 S.Ct. at 1388-91 (discussing potential remedies and vacating judgment for trial court to determine appropriate remedy).

13

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE