IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAYMOND SCRIBNER, II, § | | |
| Petitioner, § | | |
| v. § | Civil No. 3:13-CV-1147-O-BH | |
| § | | |
| UNITED STATES OF AMERICA, § | (Criminal No. 3:10-CR-233-O) | |
| Respondent. § | | |

## ORDER

This matter is before the Court on remand from the Fifth Circuit. *See United States v. Scribner*, 832 F.3d 252 (5th Cir. 2016). On March 8, 2013, Petitioner Donald Raymond Scribner II filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 2. Petitioner raised two claims of ineffective assistance against his trial counsel, arguing: (1) his counsel failed to advise him that he faced an enhanced sentence under the career offender sentencing guideline and had counsel correctly advised him of his guideline range, he would have pleaded guilty instead of proceeding to trial; and (2) his counsel was ineffective for failing to object to the accuracy of the career offender guideline enhancement in his Presentence Report ("PSR").

This case was referred to United States Magistrate Judge Irma C. Ramirez, who entered her Findings, Conclusions, and Recommendation ("R&R") on July 2, 2014. The Magistrate Judge recommended that Petitioner's motion be granted based on his first ground for relief and denied as to his second. *See* R&R, ECF No. 16. The Court then conducted a de novo review of the R&R and declined to accept the Magistrate Judge's findings that Petitioner was prejudiced by trial counsel's failure to advise him that he face an enhanced sentence under the career offender sentencing guideline. Aug. 28, 2014 Order 2, ECF No. 17.

Petitioner appealed and the Fifth Circuit vacated the Court's judgment on the grounds that the Court had implicitly rejected the Magistrate Judge's credibility determinations, which were made after an evidentiary hearing, without conducting its own evidentiary hearing. *Scribner*, 832 F.3d at 254. Following remand, the Court held its own evidentiary hearing on November 21, 2016, and Petitioner's motion is now once again before the Court.

Having considered the record in this matter and the testimony at the November 21, 2016 evidentiary hearing, the Court finds that Petitioner has not shown a reasonable probability that he was prejudiced by trial counsel's error in failing to identify the career offender enhancement and Petitioner's § 2255 motion should be **DENIED**.

## I.    PROCEDURAL AND FACTUAL BACKGROUND[1]

A grand jury returned an indictment against Petitioner on August 17, 2010. Count one charged Petitioner and four co-defendants with conspiracy to manufacture and to possess with intent to distribute 100 or more plants of marijuana in violation of 21 U.S.C. § 846. Count three charged him, and two co-defendants (A.S. and K.P.), with aiding and abetting the possession of 50 or more marijuana plants with the intent to distribute in violation of 21 U.S.C. § 841(a), (b)(1)(C) and 18 U.S.C. § 2.[2] *United States v. Scribner, et al.*, No. 3-10-CR-233-O (CR, Docket No. 32).[3] A.S. and K.P. pleaded guilty to count three. CR, Docket Nos. 49, 52, 53, 58, 109, 113.

Before trial, the Government proposed that Petitioner plead guilty to counts one and three and waive his right to appeal. Harper Aff. at 2, ECF No. 7. Around that time, Petitioner was advised by

---

[1] This factual recitation is taken in large part from the Court's previous order on Petitioner's motion. *See* Aug. 28, 2014 Order, ECF No. 16.

[2] Petitioner was not charged in count two.

[3] "CR" hereinafter refers to the criminal record docket entries in Case No. 3-10-CR-233-O, Scribner's underlying criminal case.

his trial counsel that if he pleaded guilty to count three of the indictment, the applicable advisory sentencing guideline range would be 30–37 months based on his criminal history level and the amount of marijuana seized. June 25, 2014 Hr'g Tr. at 8:19–25. Trial counsel advised him that if he pleaded not guilty and was convicted, the applicable advisory sentencing guideline range would be 37–46 months imprisonment. *Id.* At the time, trial counsel was unaware that Petitioner would be classified as a career offender and that as a career offender Petitioner was subject to a guideline range of 210 to 240 months if he proceeded to trial and was convicted, or 151 to 188 months if he pleaded guilty and obtained an acceptance of responsibility reduction. *Id.* at 12:18–25, 13:1–6. Relying on his trial counsel's incorrect advice as to his sentencing guideline range, Petitioner rejected the Government's proposed plea agreement and his case was tried before a jury. CR, Docket Nos. 82–84.

On January 12, 2011, the jury found Petitioner guilty of possession with intent to distribute 50 or more marijuana plants (count three) and not guilty of conspiracy to manufacture and to possess with intent to distribute 100 or more marijuana plants (count one). CR, Docket No. 85. On April 28, 2011, the Court sentenced Petitioner to a term of 210 months in prison, followed by a three-year term of supervised release, to run concurrent with any sentence imposed in two then-pending state cases. CR, Docket No. 117. His conviction and sentence were affirmed on direct appeal. *United States v. Scribner*, 469 F. App'x 384 (5th Cir. 2012). As recounted by the Fifth Circuit:

> Scribner was discovered by authorities in the process of dismantling a marijuana grow house in an effort to avoid police detection. A large amount of marijuana and grow equipment were found in the house, which Scribner possessed a key to in his wallet. . . . Further, Scribner acknowledged that he had been hired to dismantle the grow house and move the contents via a U-Haul truck to another location. He further acknowledged to dismantling another grow house belonging to the same organization days before his arrest. Scribner admitted to knowing that the organization was involved in the distribution of marijuana and that it consisted of several grow houses.

*Scribner*, 469 F. App'x at 385–86.

3

On March 18, 2013, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. ECF No. 2. He raises two claims of ineffective assistance against his trial counsel: (1) his counsel failed to advise him that he faced an enhanced sentence under the career offender sentencing guideline and had counsel correctly advised him of his guideline range, he would have pleaded guilty instead of proceeding to trial; and (2) his counsel was ineffective for failing to object to the accuracy of the career offender guideline enhancement in his Presentence Report ("PSR").

The motion was referred to Magistrate Judge Ramirez, who appointed Petitioner counsel and held an evidentiary hearing. *See* Min. Entry, ECF No. 15. At the hearing, Petitioner and his trial counsel testified.

Following the evidentiary hearing, the Magistrate Judge issued her R&R. She found that the Government had conceded that trial counsel's performance was deficient because counsel grossly underestimated the applicable sentencing ranges. R&R 8, ECF No. 16. She then considered whether Petitioner was prejudiced by the ineffective assistance of counsel under *Lafler v. Cooper*, 566 U.S. 156 (2012). She found that the parties did not dispute that this Court would have accepted the terms of the plea offer, because the Court had accepted the same plea from Petitioner's co-defendants. R&R 8, ECF No. 16. Nor did the parties dispute that the lower end of Petitioner's sentencing guideline range would have been adjusted downward almost five years with acceptance of responsibility. *Id.* at 8–9. Lastly, based on the testimony of Petitioner and his trial counsel, the Magistrate Judge found that Petitioner had shown a reasonable probability that had he been accurately advised as to the applicable guideline range, Petitioner would have accepted the plea offer before it was withdrawn. *Id.* at 9–11. As to Petitioner's second ground for relief, the Magistrate Judge found trial counsel was not ineffective for failing to object to the career offender enhancement in the PSR, as any such objection would have been meritless. *Id.* at 11–13. Because Petitioner did not receive effective

assistance of counsel during the plea bargaining process, the Magistrate Judge found Petitioner's Sixth Amendment right to counsel was violated and the judgment in Petitioner's criminal case should be vacated. *Id.* at 13.

The Court reviewed the Magistrate Judge's findings and conclusions de novo. *See generally* Aug. 28, 2014 Order, ECF No. 17. The Court adopted the findings and conclusion denying Petitioner's second ground for relief, that trial counsel was deficient for not objecting to the career offender enhancement. *Id.* at 17. The Court also adopted the conclusion that Petitioner had received deficient counsel as to his sentencing guideline range. *Id.* However, the Court declined to accept the Magistrate Judge's finding that Petitioner was prejudiced by the error. Specifically, the Court declined to adopt the Magistrate Judge's findings that the Court would have accepted Petitioner's guilty plea. *Id.* at 12–14. The Court wrote:

> In stark contrast to the testimony of the co-defendants at their re-arraignments, the record in this matter discloses nothing other than Petitioner's dogged insistence of innocence. On questioning by the prosecutor, trial counsel testified that Petitioner maintained his innocence as to counts one and three throughout the case, and never indicated any intention to plead guilty to these counts. In addition to trial counsel's testimony, Petitioner's own testimony reveals that he believed he was not guilty of the elements of the crimes charged in counts one and three of the indictment. The only thing he agreed he intended to do was throw marijuana away, because he believed it was not worth anything. On cross-examination, Petitioner continued to vacillate about whether he was in fact guilty of these offenses. . . . In context, the Court can only conclude that Petitioner would not have admitted the factual basis necessary to support a plea of guilty.

*Id.* at 13–14, ECF No. 17.

The Court also rejected the finding that Petitioner's sentencing guideline would have been adjusted downward for acceptance of responsibility. *Id.* at 15. The Court held that

> the record discloses no indication that Petitioner at any time 'clearly' accepted responsibility for his offense of conviction. . . . [E]ven at his § 2255 evidentiary hearing, Petitioner maintained he was innocent of any intent to distribute. . . . [And]

> there is no record evidence showing that after conviction and before sentencing, Petitioner engaged in any conduct consistent with acceptance of responsibility.

*Id.* at 16. From this the Court concluded that Petitioner's § 2255 motion should be denied.

Petitioner appealed. *See* Notice Appeal, ECF No. 20. On appeal, the Fifth Circuit found that by rejecting the Magistrate Judge's findings as to whether the Court would have accepted Petitioner's guilty plea and whether his sentence would have been adjusted downward for acceptance of responsibility, the Court had implicitly rejected the credibility findings of the Magistrate Judge without first holding its own evidentiary hearing. *Scribner*, 832 F.3d at 260. Therefore, the Fifth Circuit vacated the Court's previous judgment and remanded for the Court to conduct its own evidentiary hearing or to accept and draw the appropriate inferences from the Magistrate Judge's credibility findings. *Id*.

On remand, the Court held its own evidentiary hearing on Petitioner's motion. Min. Entry, ECF No. 34. Petitioner and his trial counsel testified again. Having had an opportunity to conduct an evidentiary hearing and review the record in this matter, the Court again adopts the findings and conclusions of the Magistrate Judge as to Petitioner's second ground for relief, and the Court now turns to Petitioner's first claim for ineffective assistance of counsel, based on his trial counsel's failure to properly advise him that he faced sentencing as a career offender.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When reviewing a magistrate judge's report, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). Further, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See id.* While § 636 "does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009) (quoting *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985)).

### B. Title 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court may file a motion to vacate, set aside, or correct the sentence in the court that imposed the sentence. The statute states four grounds upon which such relief may be claimed:

1. that the sentence was imposed in violation of the Constitution or laws of the United States;

2. that the court was without jurisdiction to impose such sentence;

3. that the sentence was in excess of the maximum authorized by law; and

4. that the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 does not mandate habeas relief to all who suffer trial errors. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981). It is instead limited to grounds of constitutional or jurisdictional magnitude and for the narrow spectrum of other injury which "could not have been raised on direct appeal and,

7

would, if condoned, result in a complete miscarriage of justice." *Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974); *Capua*, 656 F.2d at 1037.

### C.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A sentence imposed as a result of ineffective assistance of counsel is one imposed in violation of the Sixth Amendment to the United States Constitution. *See generally United States v. Grammas*, 376 F.3d 433, 436–37 (5th Cir. 2004). The Supreme Court has held the Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel, including "the effective assistance of competent counsel" during plea negotiations. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lafler v. Cooper*, 566 U.S. at 162 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012).

When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 687–91, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court need not consider the two inquiries under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim. *Id.* at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990). To establish prejudice in the context of pleas, Petitioner must show that:

> but for the ineffective advice of counsel there is a reasonable probability that [1] the plea offer would have been presented to the court (i.e. that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164.

### III.   ANALYSIS

There is no dispute in this matter that Petitioner received incorrect advise from his counsel. As to the prejudice element of Petitioner's ineffective assistance claim, the Magistrate Judge concluded Petitioner carried his burden to show each of the *Lafler* elements. R&R 8–11, ECF No. 16. The Court now considers each element in turn.

####   1.   **Whether the Plea Offer Would Have Been Presented to the Court**

As to the first element, the Magistrate Judge found credible Petitioner's testimony that the low guideline range incorrectly identified by his counsel had a great influence on his decision not to plead guilty, and if Petitioner had been correctly informed of the applicable sentencing range, he would not have gone to trial. *Id.* at 10–11. In its previous Order, the Court accepted the Magistrate Judge's finding that Petitioner would have accepted a plea agreement because it declined to disturb her credibility determinations. Aug. 28, 2017 Order 12, ECF No. 17. Now having had an opportunity to assess in-court statements made by Petitioner and trial counsel, observe each witness's demeanor, and make credibility determinations itself, the Court cannot conclude that Petitioner would have accepted the plea agreement.

At the hearing before this Court, Petitioner's trial counsel testified that Petitioner maintained that he was innocent throughout trial and that, even after his conviction, he denied sharing the intent to distribute marijuana. Petitioner's trial counsel confirmed that Petitioner was "resolute" in taking

his case to trial. Nov. 21, 2016 Hr'g Tr. Petitioner continued to deny intending to distribute marijuana before the Magistrate Judge at the evidentiary hearing in 2014. When asked by the Government whether he intended to distribute marijuana, he stated multiple times that he did not. June 25, 2014 Hr'g Tr. at 35:3–7; *see also id.* at 35:3–19.

Petitioner's testimony before this Court at the November 21, 2016 evidentiary hearing also demonstrated that at the time Petitioner chose to go to trial, Petitioner did not believe he was guilty. When asked if he shared the requisite intent for the charged offenses, Petitioner and the Government's counsel had the following exchange:

> Q: Mr. Scribner, did you intend to distribute marijuana from that house?
> A: As part – as that says, yes. As my understanding of it is now, yes. . . .
> Q: Aiding and abetting requires a sharing of intent to distribute. Did you share the intent to distribute marijuana?
> A: With my knowledge now, yes.
> Q: That's your testimony today, that you did?
> A: With my knowledge, yes, as aiding.

Nov. 21, 2016 Hr'g Tr. Petitioner's current understanding of aiding and abetting is not relevant to the Court's determination, and his statements concede that at the relevant point in time he did not believe that he was guilty of aiding and abetting the distribution of marijuana. The record evidence indicates that Petitioner consistently insisted on his lack of intent until the most recent hearing before this Court. Therefore, the Court finds that Petitioner has not shown a reasonable probability that he would have been willing to plead guilty.

To the extent Petitioner is arguing that if he had known the full extent of time he was facing, he would have looked more closely at the law and better understood the law of aiding and abetting before deciding to go to trial, that is not a ground for relief before the Court. Petitioner has not alleged that his counsel failed to instruct him properly on aiding and abetting. He cannot now imply such a claim in order to satisfy the prejudice prong of his claim based on his trial counsel's failure to

accurately determine his guideline range. The question is whether, absent his trial counsel's failure to identify the career offender enhancement, the outcome of the plea negotiations would have been different, holding all other factors constant. The record shows that at the time he decided to go to trial, Petitioner believed himself innocent because he did not intend to distribute marijuana.

Further, even if Petitioner were willing to agree to a guilty plea, the evidence does not show that it was reasonably probable that Petitioner would have accepted the plea agreement he was offered. His original motion was premised on the idea that he would have worked for a better plea agreement, not that he would have pleaded to the plea agreement offered. *See* Traverse Resp. 1, ECF No. 8 ("I would just like to add that the Government does plea agreements for all kinds of reasons. Plus the Government has different types of plea agreements. My point is there are different types of pleas for different kinds of reasons. If I had known I was facing a Minimum of 210 Months, I would have explore [sic] some plea bargaining options. Whether I am Innocent or Guilty is not the point. What I am is not always the deciding factor in making a decision. If I had been properly informed on what I was facing I would have worked a plea agreement."). When asked during the evidentiary hearing before this Court to elaborate on what he meant by "work[] a plea agreement," Petitioner discussed negotiating for "a cap" on his sentence, as he had seen other defendants obtain. Nov. 21, 2016 Hr'g Tr. There is no evidence in the record that "a cap" or any better offer would have been forthcoming from the Government. Further, Petitioner's trial counsel testified at the hearing that Petitioner did not have any information related to his case with which he could have obtained a motion from the Government under U.S.S.G. § 5K1.1 for substantial assistance. *Id.* Therefore, Plaintiff has not shown a reasonable probability that he would have obtained a more favorable plea agreement to which he would have been willing to plead.

    **2.**    **Whether the Court Would Have Accepted the Plea**

The Court also finds that were Petitioner willing to plead guilty, the Court would not have accepted his plea. In her R&R, the Magistrate Judge concluded that the Court would have accepted Petitioner's plea because it accepted the pleas of his co-defendants. R&R 8–9, ECF No. 16. However, whether the co-defendants' plea agreements were accepted by the Court is not the relevant inquiry.

As outlined above, Petitioner was resolute in his position that he did not intend to distribute marijuana. Had the Court held a plea hearing, the Court would have engaged with Petitioner in a plea colloquy required by the Federal Rules of Criminal Procedure to ascertain whether Petitioner understood the nature and elements of the charges and whether there was a sufficient factual basis for the plea. During that colloquy, Petitioner would have been required to acknowledge that he intended to distribute marijuana – an essential element of the charged offenses. *See* CR, Docket No. 32. There is no evidence that at that time he would have been willing to admit intent to distribute marijuana. Had Petitioner denied intent before this Court, as he did before the Magistrate Judge in 2014, the Court would have rejected his plea as lacking a sufficient factual basis. *See United States v. Hernandez-Rivas*, 513 F.3d 753, 760 (7th Cir. 2008) (upholding district court's rejection of guilty plea for lacking an insufficient factual basis where defendant denied having the requisite mens rea). For these reasons, the Court concludes that Petitioner has not shown it is reasonably probable that the Court would have accepted his guilty plea.[4]

### 3. Whether Petitioner's Sentence Would Have Been Less Severe

---

[4] Petitioner has also failed to show he would have sought to enter an *Alford* plea or a plea of nolo contendre. To the extent the record permits an inference that Petitioner would have sought to do so, he has additionally failed to offer sufficient reasons to show why the Court would have consented to such a plea. *See United States v. Campbell*, 312-cr-181-O(2), ECF No. 124 (wherein this Court refused to accept guilty plea of Defendant unwilling to admit guilt to each count of the charge).

For the same reasons, the Court rejects the Magistrate Judge's finding that there is a reasonable probability that Petitioner's sentence would have been less severe had Petitioner pleaded guilty. The Magistrate Judge found that there was no dispute that Petitioner's sentence would have been adjusted downward almost five years for acceptance of responsibility under U.S.S.G. § 3E1.1(a). R&R 8–9, ECF No. 16. However, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, Application Note 3.

Even if Petitioner had pleaded guilty or entered an *Alford* plea, he would have been required to acknowledge the essential elements of the offense – including intent to distribute – in order to obtain the 2-level reduction. *See United States v. Harlan*, 35 F.3d 176, 181 (5th Cir. 1994) ("A defendant's refusal to acknowledge essential elements of an offense is incongruous with the guideline's commentary that truthful admission of the conduct comprising an offense is relevant in determining whether a defendant qualifies for this reduction.") (citing U.S.S.G. § 3E1.1, Application Notes 1(a) and 3). The record does not show to a reasonable probability that Petitioner would have been willing to do so.

To the extent that Petitioner's motion is premised on the claim that Petitioner would have worked to obtain a better plea agreement from the Government had he been properly instructed of the career offender enhancement, as discussed above, there is no indication in the record that any such plea agreement was available. *See* Traverse Resp. 1, ECF No. 8. Therefore, the Court concludes that Petitioner has failed to show a reasonable probability that he was prejudiced by his trial counsel's ineffective assistance.[5]

---

[5] Petitioner's counsel also appears to argue that, had Petitioner known his actual guideline range, Petitioner's decision-making process would have been entirely different and prejudice should be found on those grounds. As the Government noted during oral argument, Petitioner's counsel "is essentially arguing that the advice was so deficient that it should guide the Court's analysis and essentially determine the Court's outcome on the second – the prejudice prong as well." Nov. 21, 2016 Hr'g Tr. This is not the standard under

## IV. CONCLUSION

For the foregoing reasons, the Court declines to adopt the Magistrate Judge's findings and conclusions that Petitioner carried his burden of showing he was prejudiced by counsel's failure to properly advise him that he faced sentencing as a career offender. The Court accepts the Magistrate Judge's findings, conclusions, and recommendations in all other parts, and adopts them as those of the Court. Accordingly, Petitioner's § 2255 motion is hereby **DENIED**.

**SO ORDERED** on this **31st day** of **July, 2017**.

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

*Strickland*. No matter how deficient his counsel's performance, it remains Petitioner's burden to show by a reasonable probability that he was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687–91, 694. Petitioner has not carried his burden.